Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00655-CR

Mark **SCRIMPSHER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 08-01-025-CRW
Honorable Donna Rayes, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:       Rebecca Simmons, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  April 4, 2012

MOTION TO WITHDRAW GRANTED; AFFIRMED

Pursuant to a plea bargain agreement, appellant Mark Scrimpsher pleaded nolo contendere to possession of a controlled substance. The trial court, in accordance with the plea agreement, deferred a finding of guilt and placed Scrimpsher on community supervision for a period of three years.

The State filed a motion to adjudicate guilt and revoke community supervision, alleging Scrimpsher violated several terms of his conditions of probation. Scrimpsher pled true to the

State's claim that he used alcohol in violation of the terms of his probation. The trial court continued Scrimpsher's community supervision, but required Scrimpsher to successfully complete a program at the Intermediate Sanction Facility.

Subsequently, the State filed a second motion to adjudicate guilt and revoke community supervision, alleging Scrimpsher had again violated conditions of his probation. Scrimpsher pled true to the allegation that he used alcohol in violation of one his conditions of probation. At the hearing on the State's motion, Scrimpsher admitted using alcohol. At the conclusion of the hearing, the trial court accepted the plea of true, adjudicated Scrimpsher guilty, and sentenced him to confinement for two years. However, the court probated the sentence for a period of three years and ordered Scrimpsher, as a condition of probation, to serve a term in a Substance Abuse Felony Punishment Facility ("SAFPF").

Scrimpsher filed a motion asking the trial court to reconsider and vacate its order regarding the term in the SAFPF, asking instead that he be permitted to enter a private alcohol rehabilitation facility near his home in Bexar County so he could work. The trial court denied the motion after a hearing. Scrimpsher then perfected this appeal.

Scrimpsher's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel provided proof Scrimpsher was given a copy of the brief and motion to withdraw and was informed of his right to review the record and file his own brief. Scrimpsher has not filed a brief.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the motion to withdraw filed by Scrimpsher's counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Scrimpsher wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Do Not Publish